J. A03041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.J., MOTHER | : | |
| | : | No. 1110 MDA 2014 |

Appeal from the Order June 18, 2014
In the Court of Common Pleas of Berks County
Juvenile Division No(s).: DP-406-13

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED MARCH 05, 2015**

Appellant, B.J. ("Mother"), appeals from the order entered in the Berks County Court of Common Pleas directing her to physically produce her minor daughter, A.C. ("Child"), for a forensic interview at the Children's Alliance Center ("CAC"). Mother contends she has a constitutional right to have an attorney of her choice observe and hear the forensic interview with Child. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On May 22, 2014, Berks County Children and Youth Services[1] (hereinafter "BCCYS") filed a Petition to

---

[*] Former Justice specially assigned to the Superior Court.

[1] Under the Child Protective Services Law, BCCYS is the **civil agency** responsible for investigating reports of child abuse. Section 6362 provides:

Compel.  In that petition, BCCYS averred that it received a report that [Child] had been sexually abused by her stepfather.  BCCYS further asserted that a forensic interview[2] of [Child] was needed but that [Mother's

---

**Responsibilities of county agency for child protective services**

**(a) General rule.**—The county agency shall be the sole civil agency responsible for receiving and investigating all reports of child abuse made pursuant to this chapter, specifically including, but not limited to, reports of child abuse in facilities operated by the department and other public agencies, for the purpose of providing protective services to prevent further abuses to children and to provide or arrange for and monitor the provision of those services necessary to safeguard and ensure the well-being and development of the child and to preserve and stabilize family life wherever appropriate.

23 Pa.C.S. § 6362(a).

[2] Section 6365 provides:

**(c) Multidisciplinary investigative team.**—A multidisciplinary investigative team shall be used to coordinate child abuse investigations between county agencies and law enforcement.  **The county agency and the district attorney shall develop a protocol for the convening of multidisciplinary investigative teams for any case of child abuse** by a perpetrator involving crimes against children which are set forth in section 6340(a)(9) and (10) (relating to release of information in confidential reports).  The county multidisciplinary investigative team protocol shall include standards and procedures to be used in receiving and referring reports and coordinating investigations of reported cases of child abuse and a system for sharing the information obtained as a result of any interview.  The protocol shall include any other standards and procedures to avoid duplication of fact-finding efforts and interviews to minimize the trauma to the child.  The district attorney shall convene the multidisciplinary investigative team in accordance with the

attorney] would not agree to the interview unless it was observed by him. The Court held a hearing on that petition on June 18, 2014. At the conclusion thereof, the Court entered an order directing that Mother cooperate with BCCYS in the investigation of alleged sexual abuse and that she physical produce [Child] for a forensic interview at the [CAC] within thirty (30) days. The Court further directed that [Child's] forensic interview be conducted only in the presence of the multidisciplinary team. On July 3, 2014, Mother's attorney filed a Motion for Supersedeas and a Petition for Appeal. Although captioned in the Commonwealth Court of Pennsylvania, Mother's Petition for Appeal was transferred to the Superior Court and docketed as a Notice of Appeal from the Court's June 18th order. Mother filed her Concise Statement of Errors Pursuant to Pa.R.A.P. 1925(a)(2) on July 17, 2014.

Trial Ct. Op., 7/28/14, at 1 (citations omitted).

On July 28, 2014, upon consideration of Mother's emergency motion for a stay pending appeal of the June 18th order, and the answers filed by the Commonwealth and BCCYS, this Court denied the motion. It is uncontested that a forensic interview of Child was held without Mother's attorney being present.[3]

Mother raises the following issues for our review:

---

protocol. The multidisciplinary investigative team shall consist of those individuals and agencies responsible for investigating the abuse or for providing services to the child and shall at a minimum include a health care provider, county caseworker and law enforcement official.

23 Pa.C.S. § 6365(c) (emphasis added).

[3] We note that Mother avers the interview took place on or about July 30, 2014. BCCYS states the interview took place on July 31st.

A. Does [Mother] have a constitutional right under the United States Constitution and/or the Pennsylvania constitution to have an attorney of her choice observe and hear any interview of [Child]?

B. Does [Mother] have a constitutional right under the United States Constitution and/or the Pennsylvania Constitution to have an attorney of her choice observe and hear any forensic interview conducted at the [CAC] of [Child]?

C. Do the alleged terms and conditions of the protocol of the [CAC] control the interview of [Child], as opposed to the United States Constitution and/or the Pennsylvania Constitution?

D. Did the lower court err as a matter of law in not disposing of the "Motion for Supersedeas" before he went on vacation?

E. Did the lower court err as a matter of law in failing to grant the "Temporary Stay Order" and/or granting [Mother's] "Motion for Supersedeas" in the herein case?

*Id.* at 4.

As a prefatory matter, we consider whether Mother has waived issues A, B, and D. We observe that "[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101." *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010). "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Citations of authorities must set

forth the principle for which they are cited." Pa.R.A.P. 2119(b). "If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c). The "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." **Harris v. Toys "R" Us-Penn, Inc.**, 880 A.2d 1270, 1279 (Pa. Super. 2005) (citations omitted).

Our review of the argument section of Appellant's brief reveals that there is no analysis of issues A, B, and D, with citation to pertinent legal authority. Therefore, these issues are waived. **See** Pa.R.A.P. 2119(a)-(c); **Harris**, 880 A.2d at 1279.

Next, we consider whether issue C is moot. Mother contends the alleged terms and conditions of the protocol of the CAC should not control the interview of Child because they conflict with her constitutional right to have counsel present during the forensic interview.

This Court has stated: "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*).[4]

---

[4] We note there are exceptions to the mootness doctrine.

> [T]his Court will decide questions that otherwise have been rendered moot when one or more of the following

Instantly, the forensic interview of Child has taken place. Therefore, this Court cannot enter an order that has any legal force or effect, rendering the issue moot. ***See id.***

Assuming, *arguendo*, the issue is not moot, we find no relief is due. Mother asserts she

> is not saying [Child] cannot be interviewed. She is not asking for the Commonwealth to pay for her attorney who observes the interview. She will pay for her attorney. Further, in this case [Mother] initiated the case with [BCCYS] when she, through her attorney, reported this matter to them. **She is only insisting on her constitutional right to have an attorney of her choice observe and hear the interview.**

Appellant's Brief at 12 (emphasis added).

Mother purports to raise an issue involving a constitutional right. "[A]n issue involving a constitutional right, [ ] is a question of law; thus, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Adams***, 104 A.3d 511, 517 (Pa. 2014) (plurality) (citation omitted).

---

> exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

***In re D.A.***, 801 A.2d at 616. We will address the issue assuming it is not moot. ***See infra.*** Therefore, we need not address the exceptions.

Mother's reliance upon **Commonwealth v. Roane**, 329 A.2d 286 (Pa. 1974), and **Commonwealth v. Smith**, 372 A.2d 797 (Pa. 1977), are unavailing.[5]   In **Roane**, the Pennsylvania Supreme Court found that a juvenile's waiver of the right to counsel during interrogation by the police was not knowing and voluntary. **Roane**, 329 A.2d at 289.   The Court opined:

> Since the record indicates that the Commonwealth first attempted to exclude appellant's mother from the **interrogation** and then, when she finally gained access, did not afford her an opportunity to advise her son privately about his constitutional rights, although she indicated that she wished him to be afforded the right of counsel, we hold that the Commonwealth failed to establish that appellant's waiver of his rights was a knowing and intelligent one. Accordingly, his confession should have been suppressed.

**Id.** (emphasis added).

In **Smith**, the Supreme Court opined:

> In **Roane**, we first articulated the concept that an attempted waiver of the Fifth and Sixth Amendment rights during **custodial interrogation** will not be considered as being effective absent a showing that the minor 'had access to the advice of a parent, attorney or other adult who was primarily interested in his welfare.'  It was never the intention to exclude the requirement of interest simply

---

[5] We note Mother cites **Commonwealth v. Colavita**, 993 A.2d 874 (Pa. 2010), wherein the Supreme Court found "[t]he question of whether substantive due process should embrace the expanded right recognized by the panel to consult counsel pre-arrest should await a case where such a claim is properly presented and preserved." **Id.** at 894.  Mother's references to federal court cases were not pertinent to the issue raised on appeal. **See** Mother's Brief at 11-12.

> because the consulting adult was a parent of the minor. To the contrary, it was assumed that the relationship would assure the requisite concern for the welfare of the minor. However, that assumption does not justify the creation of an irrebuttable presumption of interest by a parent. Where, as here, the disinterest of the parent is graphically demonstrated, it is clear that [the father] was not the interested adult envisioned in the rule. If the adult is one who is not concerned with the interest of the minor, the protection sought to be afforded is illusory and the procedure fails to accomplish its purpose of offsetting the disadvantage occasioned by the immaturity.

*Smith*, 372 A.2d at 801 (citation and footnotes omitted and emphasis added).

Instantly, Child was not subject to custodial interrogation by the police. *See id.* Mother cites no pertinent legal authority in support of her claim to have a constitutional right to have counsel present during the forensic interview of Child. We find no relief is due.

Lastly, Mother contends the trial court erred in failing to grant a stay pending appeal. This Court previously addressed this issue in its July 28th *per curiam* order denying Mother's emergency motion for a stay pending appeal. "[T]he legal significance of *per curiam* decisions is limited to setting out the **law of the case**." *Commonwealth v. Thompson*, 985 A.2d 928, 937 (Pa. 2009) (emphasis added). "The law of the case doctrine [sets forth various rules that] embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *In re S.J.*, 99 A.3d 560, 563-64 (Pa. Super. 2014) (citation

omitted).  Thus, the July 28th order is the law of the case and we will not revisit the issue.  ***See id.***

Order affirmed.

Judge Stabile joins the memorandum

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015