2024 PA Super 55

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRODY BARRETT KLINE | : | |
| | : | |
| Appellant | : | No. 942 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000775-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRODY BARRETT KLINE | : | |
| | : | |
| Appellant | : | No. 943 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000973-2022

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:          **FILED: MARCH 25, 2024**

In these consolidated appeals,[1] Brody Barrett Kline appeals from the

April 4, 2023 aggregate judgment of sentence of 799 to 1598 months'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 942 MDA 2023 and 943 MDA 2023 were ***sua sponte*** consolidated by this Court on November 14, 2023.

imprisonment imposed after a jury found him guilty of involuntary deviate sexual intercourse ("IDSI") with a child; rape of a child; incest of a minor; indecent exposure; eight counts of corruption of minors; four counts of indecent assault; two counts of aggravated indecent assault; and criminal attempt – indecent assault.[2]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant factual background of this case as follows:

> Appellant's convictions stem from the long-term systematic abuse of his five victims, all his minor children, each of whom testified at trial as to such abuse.  Their testimony was further reinforced by the testimony of investigators including police, a forensic nurse, a therapist, a forensic scientist, and a child forensic interviewer. Beyond the direct testimony offered by the victims, evidence was offered to show semen on a victim's underwear, and signs of abuse in the victims.

Trial court opinion, 8/14/23 at 1.

On October 31, 2022, Appellant proceeded to a jury trial before the Honorable Harry M. Ness.  During trial, Appellant's wife, Emily Kline ("Wife"), testified that after she was made aware of the sexual abuse allegations from her minor daughters, she confronted Appellant on two occasions.  Notes of testimony, 10/31-11/4/22 at 270-271, 276, 300.  Wife testified that in both

_____

[2] 18 Pa.C.S.A. §§ 3123(b); 3121(c); 4302(b)(1); 3127(a); 6301(a)(1)(i), (ii); 3126(a)(7), (8); 3125(a)(7), (b); and 901(a), respectively.

instances, Appellant did not admit or deny the allegations of sexual abuse and merely "got angry" and that she "couldn't make sense of [Appellant's response or lack thereof]." *Id.*

Following a five-day jury trial, the trial court found Appellant guilty of rape of a child, IDSI of a child, and related offenses on November 4, 2022. As noted, Appellant was sentenced to an aggregate term of 799 to 1598 months' imprisonment on April 4, 2023. *See* notes of testimony, 4/4/23 at 47-49.[3] The trial court also found that Appellant meets the criteria to be classified as a sexually violent predator ("SVP"). Appellant filed timely post-sentence motions which were denied by the trial court on June 1, 2023. This timely appeal followed on June 30, 2023.[4]

On appeal, Appellant raises only one issue for our review:

> Whether the trial court abused its discretion when it gave the tacit admission jury instruction, over [Appellant's] objection, where there was no tacit admission made and giving the instruction violated [Appellant's] right to not have his silence used against him in a way that was exceedingly prejudicial?

Appellant's brief at 4.

Our standard of review in assessing whether a trial court erred in fashioning its instructions to the jury is well settled.

> In reviewing a jury charge, we determine whether the trial court committed a clear abuse of discretion or an

---

[3] The record reflects that Appellant received 861 days' credit for time-served.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

error of law which controlled the outcome of the case. We must view the charge as a whole; the trial court is free to use its own form of expression in creating the charge. A trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Moreover, it is well-settled that the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

**Commonwealth v. Williams**, 176 A.3d 298, 314 (Pa.Super. 2017) (citations omitted), **appeal denied**, 187 A.3d 908 (Pa. 2018).

Appellant contends that the trial court abused its discretion when it gave a tacit admission jury instruction in violation of his Fifth Amendment right to not have his silence used against him. Appellant's brief at 16-25. We disagree.

"The Fifth Amendment was enacted to protect against self-incrimination, whether [the suspect is] in custody or not, charged with a crime, or merely being questioned during the investigation of a crime." **Commonwealth v. Molina**, 33 A.3d 51, 63 (Pa.Super. 2011) (**en banc**) (citation omitted), **affirmed**, 104 A.3d 430 (Pa. 2014). "[T]he government may not use ... silence as substantive evidence of guilt when a defendant chooses not to testify. ... [That silence] may also not be used against a defendant who remained silent during the investigation of a crime." **Id.** (citation omitted).

However, the Fifth Amendment "does not impose a ***prima facie*** bar against any mention of a defendant's silence." ***Id.*** (emphasis added). Instead, the Fifth Amendment protects against the prosecution's exploitation of a defendant's right to remain silent. ***See id.*** "[A] mere reference to pre-arrest silence does not constitute reversible error where the prosecution does not exploit the defendant's silence as a tacit admission of guilt." ***Commonwealth v. Adams***, 104 A.3d 511, 512-513 (Pa. 2014).

In the instant matter, the trial court gave the following instruction to the jury over Appellant's objection:

> [Appellant] did not testify in this case, and it's entirely up to the defendant in every criminal trial whether or not to testify. He has an absolute right founded upon the constitution of the Commonwealth of Pennsylvania and the United States of America not to testify and to remain silent, and you should not draw any inference of guilt or any other inference adverse to the defendant from the fact that he did not testify.
>
> There was evidence presented that [Appellant] failed to deny an accusation directed at him by [Wife] on October 19th of 2020. The law treats this statement as what's called a tacit admission and is firmly entrenched under law.
>
> While ordinarily a defendant's response to the allegations would be treated as hearsay, the only truth function to be derived is that the defendant did or said nothing. When considering this particular piece of evidence, you should consider whether [Wife] made the statement in [Appellant's] presence, [Wife] made the statement within the immediate area surrounding [Appellant], [and Appellant] understood the statement.

> The statement must have embraced a fact within [Appellant's] knowledge, [Appellant] must have been able to speak physically, and [Appellant] was not operating from a psychological state that prevented his ability to speak in the surrounding circumstances that would have necessitated a reply.
>
> If you believe this evidence, you may consider it as tending to prove [Appellant's] consciousness of guilt, but you are not required to do so. You should consider and weigh this evidence along with all the other evidence in this case.

Notes of testimony, 10/31-11/4/22 at 634-635.

Upon review, we discern no abuse of discretion on the part of the trial court in providing this instruction to the jury. The record reflects that Appellant's tacit admission is evident from the following two exchanges during trial:

> Q.       When you looked at the underwear, what did you – did you notice anything? Did you see anything on them?
>
> [Wife:]  Yes. There was semen in the underwear.
>
> . . . .
>
> Q.       Do you remember confronting [Appellant]?
>
> [Wife:]  I did. I went over and he was still lying down and I asked him what – what is this, what did you do?
>
> . . . .
>
> Q.       And when you confronted him about that, do you remember his reaction?
>
> [Wife:]  It didn't make any sense. There was no denying or admitting. He got angry, but he

> was always angry. You couldn't make sense out of it.
>
> **. . . .**
>
> Q.      Do you remember what [Appellant's] response was when you confronted him about [victim G.K.] and [victim H.K.]?
>
> [Wife:]   Again it was the same as – there was no denying or admitting. It was just anger. It seemed like – so it didn't go anywhere. There was no sense of it again.

*Id.* at 269-271, 276.

Courts in this Commonwealth have continually recognized that evidence of tacit admissions are permitted in Pennsylvania, except in the narrow circumstances where such an introduction burdens a defendant's constitutional right to remain silent. ***See***, ***e.g. Commonwealth v. Hawkins***, 701 A.2d 492, 509 (Pa. 1997) (stating, "evidence of a defendant's silence in refusing to deny guilt after an accusation of guilt has been made (often referred to as a tacit admission) is generally not admissible **where the silence occurred while the defendant is in police custody** because a contrary policy would effectively vitiate a defendant's constitutionally guaranteed right against self-incrimination." (emphasis added)), ***cert. denied***, 523 U.S. 108 (1998).

> The rule of evidence is well established that, when a statement made in the presence and hearing of a person is incriminating in character and naturally calls for a denial but is not challenged or contradicted by the accused although he has opportunity to speak, the statement and the fact of his failure to deny it are

> admissible in evidence as an implied admission of the
> truth of the charges thus made.

***Commonwealth v. Barnett***, 121 A.3d 534, 546 (Pa.Super. 2015) (citation omitted), ***appeal denied***, 128 A.3d 1204 (Pa. 2015), ***cert. denied***, 578 U.S. 1014 (2016).

In the instant matter, Appellant's silence was in direct response to sexual abuse accusations levied against him by Wife prior to his arrest. Thus, his Fifth Amendment right against self-incrimination was not implicated. The trial court's instruction to the jury stated that they may, but were not required to, consider the evidence of Appellant's failure to respond to Wife's accusations as proof of his consciousness of guilt, and not as direct evidence of guilt. ***See*** notes of testimony, 10/31-11/4/22 at 635. The probative value of the evidence of Appellant's failure to deny Wife's accusations that he sexually abused their minor children, which a reasonable person in similar circumstances would have done, far exceeded its prejudicial nature.

Based on the forgoing, we find the trial court's instructions clearly, adequately, and accurately presented the relevant law to the jury for its consideration. Appellant's claim to the contrary, therefore, must fail. Accordingly, we affirm the trial court's April 4, 2023 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/25/2024