742 A.2d 1076

COMMONWEALTH of Pennsylvania,Appellee,

v.

Frank COSTA, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 14, 1999.

Decided Dec. 20, 1999.

Dennis J. Clark, Thomas M. Castello, Pittsburgh, for Frank Costa.

Christian A. Fisanick, Asst. Dist. Atty., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### *OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This is an appeal by allowance from a memorandum decision of Superior Court which affirmed a judgment of sentence imposed on the appellant, Frank Costa, following his conviction of nineteen counts of various sex offenses related to the molestation of three boys. Following his conviction of these crimes in a trial by jury in 1994, appellant was sentenced to an aggregate term of ten to twenty years of imprisonment.

The sole issue is whether trial counsel was ineffective for failing to object to the admission of police testimony regarding appellant's post-arrest silence. To establish an ineffectiveness claim, it must be demonstrated that the under-

lying claim is of arguable merit; that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and, finally, that counsel's action or inaction was prejudicial to the client. *Commonwealth v. Clark*, 533 Pa. 579, 582, 626 A.2d 154, 155 (1993). For the reasons that follow, we conclude that trial counsel was ineffective.

■ It is well established that a defendant enjoys a constitutional right to remain silent and that it is a violation of that right to make reference at trial to his post-arrest silence. *Commonwealth v. Nolen*, 535 Pa. 77, 86, 634 A.2d 192, 197 (1993). Notwithstanding, during appellant's trial, the following testimony was elicited by the prosecutor during direct examination of a police detective who was testifying regarding his investigation of the molestation of Terry Foster, one of the boys who claimed to have been molested by appellant:

Q. When were the charges filed against the defendant for his alleged sexual abuse of Terry Foster?

A. That would have been August 23rd of 1993.

Q. Did the defendant say anything to you when these charges were filed?

A. No.

The prosecutor's elicitation of this testimony was obviously intentional, and the reference to appellant's silence could not have been more clear. The Commonwealth concedes that the prosecutor's question was a "thoughtless" one that should never have been asked. Trial counsel failed to object to this impermissible reference to appellant's post-arrest silence. No reasonable basis exists for that failure.

We have consistently regarded testimony about a defendant's silence as having an extremely high potential for prejudice. In *Clark*, 533 Pa. at 587, 626 A.2d at 157–58 (footnote omitted), this court stated: "[A]n impermissible reference to an accused's post-arrest silence constitutes reversible error unless shown to be harmless.... [B]ecause of its nature, an impermissible reference to the accused's post-arrest silence is innately prejudicial." Likewise, in *Commonwealth v. Turner*,

499 Pa. 579, 582–83, 454 A.2d 537, 539–40 (1982), we explained that where, as in the present case, the defendant testifies at trial after having been silent after his arrest, testimony regarding his post-arrest silence can cause substantial prejudice:

> The view of this Court that there exists a strong disposition on the part of lay jurors to view the exercise of the Fifth Amendment privilege as an admission of guilt is well established. . . .

> The prejudice to the defendant resulting from reference to his silence is substantial. While it is efficacious for the Commonwealth to attempt to uncover a fabricated version of events, in light of the "insolubly ambiguous" nature of silence on the part of the accused, *Doyle v. Ohio*, 426 U.S. 610, 617, 96 S.Ct. 2240, 2244, 49 L.Ed.2d 91, 97 (1976), we do not think it sufficiently probative of an inconsistency with his in-court testimony to warrant allowance of any reference at trial to the silence. Accordingly, the Commonwealth must seek to impeach a defendant's relation of events by reference only to inconsistencies as they factually exist, not to the purported inconsistency between silence at arrest and testimony at trial. Silence at the time of arrest may become a factual inconsistency in the face of an assertion by the accused while testifying at trial that he related this version to the police at the time of arrest when in fact he remained silent. *Doyle v. Ohio, Id.* at 619, n. 11, 96 S.Ct. at 2245, n. 11, 49 L.Ed.2d at 98, n. 11. Absent such an assertion, the reference by the prosecutor to previous silence is impermissible and reversible error.

■ Given an improper reference to the accused's silence, a determination must be made as to whether the error was harmless. *Clark*, supra; *Turner*, 499 Pa. at 584–85, 454 A.2d at 540. If it is clear that it could not have contributed to the verdict, the error may be deemed harmless. *Nolen*, 535 Pa. at 86, 634 A.2d at 197. Here, we cannot say that the error could not have contributed to the verdict.

At trial, three boys testified that on various occasions they were sexually abused by appellant. Appellant testified in his own defense and denied that he committed any acts of moles-

tation. In the face of these accusations and denials, there was no overwhelming evidence of guilt. Hence, credibility was pivotal to the outcome of trial. The reference to appellant's post-arrest silence would not only have raised an adverse inference of guilt but would also have undermined his credibility insofar as his denial, at trial, of the allegations against him, particularly with regard to the abuse of Terry Foster. The testimony in question plainly served to impeach appellant's denial of the charges and his explanation of facts relating to his interactions with the three boys, these being matters that appellant addressed for the first time at trial. Jurors were given the opportunity to have concluded that if appellant were not guilty, he would not have waited until trial to assert his innocence. It cannot be said as a matter of law that this improperly elicited testimony could not have affected the verdict, thus, due to trial counsel's failure to object, appellant is entitled to a new trial.

Judgment of sentence reversed, and case remanded for a new trial.

Justice NIGRO files a concurring opinion.

Justice CASTILLE files a dissenting opinion in which Justice ZAPPALA and Justice NEWMAN join.

Justice NIGRO, concurring.

I agree with the majority that the prosecutor in the instant case violated Appellant's constitutional rights when he elicited testimony regarding Appellant's post-arrest silence. I write separately, however, to note my view that there should be an immediate mistrial whenever the prosecution, which should be acutely aware of the case law which supports a defendant's constitutional right to remain silent, solicits a response from its witness at trial which refers to the defendant's post-arrest silence.

Justice CASTILLE, dissenting.

It is well established that, in order for petitioner to prevail on a claim of ineffectiveness of counsel, he must show that: (1)

the underlying claim is of arguable merit; (2) the particular course of conduct lacked some reasonable basis designed to effectuate his interests; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Howard*, 538 Pa. 86, 93, 645 A.2d 1300, 1304 (1994). I agree with the majority that the Commonwealth erred in asking a question that drew attention to appellant's post-arrest silence and appellant's claim is, therefore, of arguable merit. However, I believe that, in the context in which the testimony was made, there was a reasonable basis for counsel not to object to the question and that appellant was not prejudiced by the question. I therefore dissent.

During his direct examination of Officer Rok, the officer who filed the charges against appellant, the prosecutor elicited testimony that appellant had made a statement to Officer Rok following the filing of charges involving victim Robert Williams. In that statement, appellant stated that Williams was making up the charges because appellant had not bought Williams a car that Williams believed appellant owed him. N.T. 3/7/99 at 25. The prosecutor later asked Officer Rok if appellant said anything when charges were subsequently filed involving a second victim, Terry Foster. To this question, the officer responded in the negative. N.T. 3/7/99 at 27. However, on cross-examination, trial counsel elicited from Officer Rok that he had not questioned appellant *at all* concerning the charges relating to Foster or the third victim, Eric McAfee, and that, in fact, the only time that Officer Rok spoke to appellant was when appellant was arrested on the charges relating to Williams, at which time appellant denied the charges relating to Williams. N.T. 3/7/99 at 32, 34–36.

Counsel's decision to clarify for the jury that appellant was never given an opportunity to make a statement to Officer Rok relating to the charges involving Foster rather than object to the statement was a reasonable strategy. By doing so, counsel was able to emphasize that, at the *only* opportunity appellant had to speak to Officer Rok, he denied any wrongdoing. Thus, rather than the jury being directed to disregard an inference to post-arrest silence, counsel dispelled the implica-

tion that appellant had remained silent in the face of questioning. Because I believe that counsel had a reasonable basis for the course of conduct chosen, appellant has failed to satisfy the second prong of the ineffectiveness test.

Furthermore, I do not believe that appellant was prejudiced by the challenged question and answer. In order to establish prejudice, appellant must show that, but for counsel's error, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999). In this case, trial counsel's cross-examination of Officer Rok dispelled any impression created by the prosecutor's improper question that appellant had refused to speak to police following his arrest. Because it was clear at the conclusion of Officer Rok's testimony that appellant was never presented with the opportunity to make a statement to police after the charges relating to Foster were filed, Officer Rok's statement that appellant had not said anything following the filing of those charges would not have influenced the outcome of the case. Therefore, I believe that appellant has failed to satisfy the third prong of the ineffectiveness test.

Because appellant has failed to establish that counsel had no reasonable basis for failing to object to the improper question regarding his post-arrest silence and because appellant was not prejudiced by that question, he has failed to establish that counsel was ineffective. Therefore, I would affirm.

Justice ZAPPALA and Justice NEWMAN join this dissenting opinion.