J-S48025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :    IN THE SUPERIOR COURT OF
                                                :         PENNSYLVANIA
                Appellee              :
                                           :
                v.                    :
                                           :
ADREESE B. ALSTON,                 :
                                           :
               Appellant            :    No. 95 WDA 2015

Appeal from the Order entered January 2, 2015,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-MD-0000710-2014
and CP-51-CR-0010363-2007

BEFORE: PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                 **FILED AUGUST 19, 2015**

Adreese B. Alston ("Alston") appeals pro se from the order of court denying his appeal of the Erie County District Attorney's (the "District Attorney" or "Commonwealth") disapproval of his private criminal complaint. Following our review, we affirm.

The trial court succinctly summarized the underlying facts as follows:

> [Alston], a convicted murderer, is currently serving a life sentence at the State Correctional Institution in Albion. [Alston] previously filed a criminal complaint against [the] Superintendent of SCI-Albion, Nancy Giroux, alleging that he is being incarcerated unlawfully at Philadelphia County Docket No. 10363-2007. According to [Alston], there is no sentencing order at the challenged docket and, therefore, he is illegally incarcerated. On October 14, 2014, the [District Attorney] disapproved the complaint for lacking prosecutorial merit.

On November 6, 2014, [Alston] filed a [p]etition for [r]eview [f]rom the [d]enial of [Alston's] [p]rivate [c]riminal [c]omplaint … . The Commonwealth filed a timely response on December 12, 2014, and subsequently provided the [c]ourt with [Alston's] sentencing [o]rder and other supporting documentation at Philadelphia County Docket No. 1316-2007. []

Trial Court Opinion, 1/2/15, at 1.

The trial court denied Alston's petition for review on January 2, 2015. This timely appeal follows, in which Alston argues that the trial court erred in denying his petition because he "set forth a strong prima facie showing that [Giroux] [is] subjecting [Alston] to official oppression, involuntary servitude, peonage, and penal servitude … because [Alston] has not ever been sentenced by a court of law through a legal written, signed, and sealed sentencing order and judgment." Alston's Brief at 6.

Pennsylvania Rule of Criminal Procedure 506 governs private criminal complaints. It provides as follows:

    (A)    When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

    (B)    If the attorney for the Commonwealth:

        (1)       approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

> (2)  disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

In this case, the District Attorney disapproved Alston's criminal complaint because it concluded that it lacked prosecutorial merit. Commonwealth's Response to Petition for Review, 12/12/14, at 1. Our courts have long held that disapproval for lack of prosecutorial merit is a disapproval based upon policy considerations. ***In re Private Criminal Complaint of Rafferty***, 969 A.2d 578, 582 (Pa. Super. 2009).

> [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations […] the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions. ... Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. ... The district attorney's decision not to prosecute a criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. ... The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without a legitimate basis in the record, substituted its judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable

- 3 -

grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

\*\*\*

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

*Commonwealth v. Michaliga*, 947 A.2d 786, 791-92 (Pa. Super. 2008) (internal citations omitted).

Accordingly, Alston was required to establish that the District Attorney's determination that his complaint lacked prosecutorial merit was based on fraud, unconstitutionality, or bad faith.  To that end, Alston seemingly alleged bad faith, in that he argued that the District Attorney was "ignor[ing] the law as written as well as … turn[ing] a blind eye and deaf ear" to his private criminal complaint because he established prima facie evidence that he was illegally incarcerated.  Petition for Review from the

Denial of Petitioner's Private Criminal Complaint, 11/6/14, at 7. The trial court rejected this allegation based upon its finding that Alston's sentence was memorialized in a written sentencing order, thereby demolishing that premise for the offenses Alston sought to have brought against Giroux. Trial Court Opinion, 1/2/15, at 2-3.

We can find no abuse of discretion in that determination.[1] The foundation of Alston's private criminal complaint was his claim that his incarceration was illegal because his judgment of sentence was not reduced to a written order. In its response to Alston's petition for review, the District Attorney provided a copy of the written order. Commonwealth's Response to Petition for Review, 12/12/14, at 3; Trial Court Opinion, 1/2/15, at Exhibit A. The written sentencing order nullifies Alston's claims and supports the District Attorney's determination that his private criminal complaint lacks prosecutorial merit. In light of this evidence, Alston has failed to establish "how the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest." *Michaliga*, 947 A.2d at 792. Having found no abuse of discretion, we affirm the trial court's order.

Order affirmed.

---

[1] "An abuse of discretion occurs where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." *Commonwealth v. Adams*, 104 A.3d 511, 517 (Pa. 2014) (quoting *Commonwealth v. Randolph*, 873 A.2d 1277, 1281 (Pa. 2005)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015