J-S25035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD ANTHONY GARVIS, JR. | |
| Appellant | No. 1456 WDA 2015 |

Appeal from the Judgment of Sentence August 28, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001939-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED MARCH 28, 2016**

Appellant Ronald Anthony Garvis, Jr. appeals from the judgment of sentence entered in the Westmoreland County Court of Common Pleas following his jury trial convictions for statutory sexual assault, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, corruption of minors, and indecent assault, person less than sixteen (16) years of age.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. In August of 2012, when Appellant was twenty-five (25) years of age, he engaged in sexual intercourse with minor A.S. ("Victim"), who was thirteen years of age, once in a street alley and another time in Appellant's

_____

[1] 18 Pa.C.S. §§ 3122.1(b), 3123(a)(7), 3125(a)(8), 6301(a)(1)(ii), and 3126(a)(8), respectively.

basement.  Both instances occurred in the middle of the night while Victim's family was sleeping. Victim and her family then moved from Trafford, PA, where the sexual encounters occurred, to Monroeville, PA.  In January of 2013, as a result of a conversation with Victim's sister, Victim's mother ("Mother") asked Victim about Appellant.  Victim told Mother about one of the sexual encounters with Appellant, and Mother reported the incident to the police.

During a trial from March 3, 2015 through March 6, 2015, Victim testified that Appellant had engaged in sexual intercourse with her on two occasions.  Mother, Victim's friend Jessica Monro, Appellant's ex-girlfriend Gina Musser, and Patrolman Michael Socci corroborated Victim's testimony. Appellant also testified and denied that he engaged in sexual intercourse with Victim.  After trial, the jury found Appellant guilty of the aforementioned crimes.

On August 28, 2015, the court conducted a sentencing hearing and sentenced Appellant to concurrent periods of incarceration of one to two (1-2) years for statutory sexual assault, four to eight (4-8) years for IDSI, and twenty-two to forty-two (22-42) months for aggravated indecent assault. The court also imposed concurrent sentences of probation of two (2) years for corruption of minors and two (2) years for indecent assault, person less

than sixteen (16) years of age. The court imposed the period of probation consecutively to the period of incarceration.[2]

On September 22, 2015, Appellant filed a timely notice of appeal. On October 2, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied on October 21, 2015.

Appellant raises the following issues for our review:

> I. The trial court erred in failing to grant the defendant's motion for a mistrial after the Commonwealth's witness, who was questioned about whether the defendant said anything about the charges at the time he was arrested, began to testify "The only thing I recall him saying was he had invoked his right to..." (Trial Transcript, hereinafter T.T. p. 260) thereby impermissibly referencing that the defendant had invoked his right to counsel.
>
> II. The trial court erred in allowing the Commonwealth to introduce factual allegations made in a PFA[3] against the defendant. As the defendant was on trial for rape and related offenses the prejudicial effect to the defendant clearly outweighed any probative value to the Commonwealth.
>
> III. The defendant challenges the sufficiency of the evidence.

---

[2] The written judgment of sentence was amended twice to reflect that: the sentences of incarceration were to run concurrently; the periods of probation were state probation, not county probation; and the probation periods were to be imposed concurrently with each other but consecutively to the incarceration period.

[3] Protection from abuse order.

Appellant's Brief at 2 (verbatim).

In his first issue, Appellant argues Patrolman Socci impermissibly referenced Appellant's invocation of his right to counsel during his trial. He claims this reference before the jury prejudiced his case, and the court erred by not granting his motion for a mistrial. We disagree.

Our standard of review of a court's denial of a motion for mistrial is as follows:

> A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

*Commonwealth v. Akbar*, 91 A.3d 227, 236 (Pa.Super.2014) (quoting *Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa.Super.2003)).

"[T]he Commonwealth cannot use a non-testifying defendant's pre-arrest silence to support its contention that the defendant is guilty of the crime charged as such use infringes on a defendant's right to be free from self-incrimination." *Commonwealth v. Adams*, 39 A.3d 310, 318 (Pa.Super.2012) *aff'd,* 104 A.3d 511 (Pa.2014) (quoting *Commonwealth v. Molina,* 33 A.3d 51 (Pa.Super.2011) (*en banc* ) *aff'd,* 104 A.3d 430 (Pa.2014)). However, "the mere revelation of a defendant's pre-arrest silence does not establish innate prejudice where it was not used in any

- 4 -

fashion that was likely to burden [the] defendant's Fifth Amendment right or to create inference of admission of guilt." ***Id.***

"If the Commonwealth mentions a defendant's post-arrest silence, the court might still be able to cure any prejudice through prompt and adequate curative instructions." ***Commonwealth v. Moury***, 992 A.2d 162, 176 (Pa.Super.2010). Further, a reference to a defendant's post-arrest silence could constitute harmless error if "the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." ***Id.*** (internal citations omitted).

> Where an error is deemed to be harmless, a reversal is not warranted. Regarding the erroneous admission of evidence, harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Kuder***, 62 A.3d 1038, 1053 (Pa.Super.2013) (quoting ***Commonwealth v. Hutchinson***, 811 A.2d 556, 561 (Pa.2002).

Appellant directs us to the following exchange, during trial:

[PROSECUTOR]: But [Appellant] told you he did not know [Victim]?

[PATROLMAN SOCCI]: Was not familiar with the incident, did not know [Victim].

[PROSECUTOR]: And was there an occasion later, sometime later in April where you were present with the Detective when [Appellant] was arrested?

[PATROLMAN SOCCI]: Yes.

[PROSECUTOR]: And did you recollect him saying anything at that point in time about the charges?

[PATROLMAN SOCCI]: The only thing I recall him saying was he had invoked his right to –

[PROSECUTOR]: Okay. No. What did he say about, if anything that you recollect, about the, his knowledge of the victim or anything related to the victim?

[DEFENSE COUNSEL]: Your Honor, I'm sorry. Could we approach, please?

N.T., 3/3/15-3/6/15, at 260. At this point, the court conducted the following sidebar conference with counsel:

[DEFENSE COUNSEL]: Your Honor, I have – I should've stood up and yelled and screamed. I don't think that [Prosecutor] wasn't going to – he started to say invoked his right to counsel –

[PROSECUTOR]: But I caught him before he got that far.

THE COURT: He didn't finish it.

[DEFENSE COUNSEL]: Pretty close to what he was saying.

[PROSECUTOR]: I caught it.

THE COURT: It might be obvious to us because we're used to it, but to the jury, all the witness said was that he invoked. I think those were the only words. I don't think they have a concept as the three of us do as to what he was about to say. If he would've said the next –

\* \* \*

THE COURT: Are you moving for a mistrial?

[DEFENSE COUNSEL]L: Yes.

THE COURT: Okay. The motion is denied at this time.

*Id.* at 260-261. After the sidebar conference, Patrolman Socci answered the prosecutor's question: "I recall [Appellant] saying that [] he thought that she was older." *Id.* at 262. At the request of the Commonwealth, the court later gave the following general curative instruction to the jury:

> THE COURT: At some points in the trial, in the testimony, there were objections and or comments that require sidebar conferences with the attorneys and me here at the bench. You are not to speculate about the nature or content that prompted the objection or sidebar conference. As I told you at the outset, part of my job is to rule on any objection to evidence made by counsel. If I decide the evidence is admissible, I will overrule, would've overruled the objection. This simply means that you are entitled to hear and consider that evidence. On the other hand, if I decided that evidence was inadmissible, I would've sustained the objection. This means that you are not and were not entitled to hear that evidence. Whenever I sustained an objection, you were to completely disregard that evidence when deciding the case. Counsel and I may have had to deal with matters that you were not supposed to know about or hear about. And when these matters come up, counsel and I may have discussed it here at the bench, in my chambers, or in the courtroom after I've asked you to leave. Please do not try to guess what it is that we may have been talking about.

*Id.* at 405.

Here, the Commonwealth did not try to elicit testimony about Appellant's post-arrest silence as proof of his guilt. Rather, the prosecutor stopped Patrolman Socci in mid-sentence when she sensed he was about to

reference Appellant's invocation of his right to counsel. Further, the prosecutor continued her questioning to deflect attention from the incident, and she asked the court to give a curative instruction that would not draw attention to Patrolman Socci's remark.

Appellant did not suffer prejudice from Patrolman Socci's testimony for three reasons. First, the trial court cured any harm with its instruction to the jury to avoid speculating about any matters that the court and counsel discussed at sidebar. Second, the trial court correctly noted that the prosecutor stopped Patrolman Socci from answering that Appellant invoked his right to counsel, and his uttered words did not convey this concept to the jury. Third, to the extent that Patrolman Socci referenced Appellant's post-arrest silence, the error did not contribute to the verdict.

Several witnesses corroborated Victim's testimony. Mother testified that Victim told her she snuck out of the house in the middle of the night and engaged in sexual activities with Appellant and that she did not tell her mother because she did not want to get into trouble. N.T., 3/3/2015-3/6/2015, at 100. Monro testified that she introduced Victim and Appellant, that she saw Victim and Appellant walking together, that she received a text message from Victim stating that Appellant raped her, and that she received a Facebook message from Appellant asking about what happened to her friend, Victim. *Id.* at 126, 132-34, 138. Musser testified that Appellant told her he cheated on her with an under-aged girl named [Victim] once in an

alley, after he had been drinking, and once in their basement. *Id.* at 230-231. She testified that Appellant asked her to lie on his behalf, but that she refused. *Id.* at 234. Patrolman Socci testified that he got the message from Mother about Victim's assault and that, after Appellant was arrested, he stated, "I thought she was older." *Id.* at 258, 262.

Thus, the properly admitted and uncontradicted evidence of guilt was overwhelming, and the court did not abuse its discretion in denying Appellant's motion for a mistrial. *See Kuder, supra.*

In his second issue, Appellant argues the Commonwealth impermissibly introduced prior bad acts as evidence against him. He claims the Commonwealth used prejudicial allegations in a PFA against him to show that he would act in conformity therewith, and that the court erred by allowing the introduction of the evidence. Appellant's issue merits no relief.

"The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (quoting *Commonwealth v. Reid*, 99 A.3d 470, 493 (Pa.2014)).

The Pennsylvania Rules of Evidence provide:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404.

Although evidence of a defendant's prior bad acts is not admissible to show his bad character or propensity to commit bad acts, it is admissible where "there is a legitimate reason for the evidence, such as to establish: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan; and 5) identity." **Commonwealth v. Reid**, 811 A.2d 530, 550 (Pa.2002). Further, the evidence may also be admissible "to impeach the credibility of a testifying defendant". **Id.**

"In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact." **Commonwealth v. Sherwood**, 982 A.2d 483, 497 (Pa.2009) (quoting **Commonwealth v. Powell**, 956 A.2d 406, 419 (Pa.2008)).

Here, Appellant testified that Musser only filed a PFA against him because she was angry that he was dating someone else. N.T., 3/3/2015-3/6/2015, at 30. On cross-examination, the following transpired:

[PROSECUTOR]: And there were allegations there that you pushed her onto the couch and grabbed her ankles and pulled her to the floor and dragged her and spit on her, and pushed her into a bookshelf and grabbed her arms and—

[DEFENSE COUNSEL]: Your Honor, I'm going to object. This is –

[APPELLANT]: You don't have to.

[DEFENSE COUNSEL]: – beyond the scope of direct examination.

THE COURT: It is.

[PROSECUTOR]: Well, it is, but he spoke about that she got a PFA out of anger because –

[APPELLANT]: That's what she did to me.

[PROSECUTOR]: – he was with a new girl.

THE COURT: [Appellant], don't say anything until I tell you.

[PROSECUTOR]: He testified that –

THE COURT: Your argument is that he opened the door?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: The objection is overruled.

[PROSECUTOR]: So you were served with the PFA and you know that she made these allegations that you did all this to her while she was seven-and-a-half months pregnant with a new baby?

- 11 -

[APPELLANT]:  Those were the things that she did to me.

N.T., 3/3/2015-3/6/2015, at 328-330.

Here, the Commonwealth used evidence of Appellant's prior bad acts for the purpose of impeaching his testimony that Musser only filed a PFA against him because she was mad at him for cheating on her.  The court did not balance the probative value of such evidence against its prejudicial impact before allowing the Commonwealth to introduce this evidence.  Appellant, however, did not object to the court's admission of evidence regarding Appellant's prejudicial prior bad acts.  Rather, Appellant objected to the questioning on the basis that it was beyond the scope of direct examination.  Thus, Appellant has waived this claim.  *See Commonwealth v. Molina*, 33 A.3d 51, 55 (Pa.Super.2011) *aff'd,* 104 A.3d 430 (Pa.2014) ("[I]t is well-settled that a defendant's failure to object to allegedly improper testimony at the appropriate stage in the questioning of the witness constitutes waiver.").[4]

In his final issue, Appellant challenges the sufficiency of the evidence that resulted in his convictions.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

_____

[4] Moreover, even if the court made an improper evidentiary ruling, due to the overwhelming evidence properly admitted against Appellant, the error was harmless.  *See Kuder, supra.*

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted under the following statutes:

**§ 3122.1. Statutory sexual assault**

**(b) Felony of the first degree.--**A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3122.1.

**§ 3123. Involuntary deviate sexual intercourse**

- 13 -

**(a) Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

\* \* \*

(7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S. § 3123.

## § 3125. Aggravated indecent assault

**(a) Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3125.

## § 6301. Corruption of minors

**(a) Offense defined.--**

(1)…(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. §6301.

**§ 3126. Indecent assault**

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\* \* \*

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3126.

Appellant waived his challenge to the sufficiency of the evidence by filing a deficient concise statement of errors complained of on appeal.

"If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal." **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super.2008) (emphasis deleted). If the statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal. **Id.** (noting that 1925(b) waiver is appropriate "despite the lack of objection by an appellee and despite the presence of a trial court opinion.").

Appellant's 1925(b) statement does not specify any unproven elements. Therefore, Appellant has waived his sufficiency claim.

Even if Appellant had preserved this issue, it is devoid of merit. The trial court reasoned:

> [T]he record provides sufficient evidence to indicate that the statutory sexual assault, [IDSI], aggravated indecent assault, corruption of minors, and indecent assault occurred between [Victim] and [Appellant] in August 2012. [Victim] testified in detail, regarding two prior occasions where she alleged that she and [Appellant] engaged in sexual intercourse. [Victim] testified that on one occasion, [Appellant] put his fingers inside her vagina. [Victim] also testified that she and [Appellant] engaged in vaginal-penile intercourse and oral sex. At this time, [Victim] testified that she was thirteen years old, and [Appellant] was twenty-five years old. Additionally, [Victim] testified that at this time, she was not married to [Appellant]. The jury, as the sole finder of fact, assessed the credibility of the witnesses, including the victim. As a result, the jury was charged with the responsibility of making a determination as to whether to believe all, part of, or none of the victim's testimony. This court finds that the victim's testimony, if believed by the jury, was sufficient from which the jury's verdict of guilty at all counts was sufficiently supported by the evidence.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed November 16, 2015, at 6-7.

Appellant's issues merit no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2016