J-S81040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PORTIE A. ROBERTSON | |
| Appellant | No. 389 EDA 2016 |

Appeal from the PCRA Order January 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111151-1982

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 14, 2016**

Portie A. Robertson ("Appellant") appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County dismissing his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On June 22, 1987, Appellant was sentenced to life imprisonment after a jury convicted him of two counts of first-degree murder and six counts of aggravated assault.  In the ensuing twenty-eight years, this Court has affirmed his judgment of sentence, which became final in 1990, and affirmed orders denying him collateral relief in each of four PCRA petitions filed in 1992, 2001, 2006, and 2014, respectively.  Appellant filed the present PCRA

_____

[*] Former Justice specially assigned to the Superior Court.

petition, his fifth, on October 19, 2015. By order of January 20, 2016, the PCRA court denied Appellant relief on his patently untimely petition for which Appellant invoked no cognizable exception to statutory time-bar. This appeal followed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the PCRA court's findings unless there is no support for them in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Because this is Appellant's fifth petition for post-conviction relief, he must meet a stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Burkhardt**, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which

no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." **Id**. (citations omitted).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 12 A.3d 477 (Pa.Super. 2011). A court may not examine the merits of a petition for post-conviction relief that is untimely. **Commonwealth v. Abu-Jamal**, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003), **cert. denied**, 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004). To be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Appellant contends his fifth PCRA petition invoked the timeliness exception of Section 9545(b)(1)(iii) by asserting that the Commonwealth committed prosecutorial misconduct when it elicited from its witness, an investigating detective, testimony that Appellant declined his invitation to answer questions prior to arrest. Specifically, Appellant cites the Pennsylvania Supreme Court's plurality decision in **_Commonwealth v. Molina_**, 104 A.3d 430 (Pa. 2014) (holding exploited reference to a defendant's pre-arrest silence violated defendant's right against self-incrimination under the Pennsylvania Constitution) as creating a new constitutional right excluding references to pre-arrest silence. We disagree.

Setting aside the question of whether the Opinion Announcing the Judgment of the Court authored in **_Molina_** represents precedential authority, we note, initially, that previous decisional law of this Commonwealth has interpreted the constitutional right against self-incrimination generally to prohibit prosecutors from referencing a defendant's silence as substantive

evidence of guilt. *See*, *e.g.*, *Commonwealth v. Adams*, 104 A.3d 511 (Pa. 2014) (Opinion Announcing Judgment of Court) (citing *Commonwealth v. DiNicola*, 866 A.2d 329, 337 (Pa. 2005); *Commonwealth v. Whitney*, 708 A.2d 471, 478 (Pa. 1998) as recognizing unconstitutionality of such references). As nothing about Appellant's claim takes it outside the boundaries of this established precedent, we reject his argument that *Molina* represents a newly-recognized constitutional right bearing on his case.

Moreover, we are further persuaded by the reasoning within a contemporaneous plurality decision of the Pennsylvania Supreme Court that *Molina* is inapposite to the present case. In *Adams*, *supra*, a plurality of the Court[1] distinguished the mere reference of a defendant's pre-arrest silence from the exploitation of such a reference as occurred in *Molina*. In *Molina*, the investigating detective testified how the defendant had answered several questions but then refused to go to the police station for further questioning. In closing arguments, the prosecutor relied on this silence as constituting evidence of guilt. In contrast, the detective in

---

[1] Of the five justices deciding *Adams*, three agreed that the reference to appellant's pre-arrest silence during the police investigation did not impinge on the defendant's constitutional rights. Among the three was then-Chief Justice Ronald Castille, who, in concurrence, offered his view that reference to pre-arrest silence would not violate a defendant's constitutional rights "irrespective of whether the prosecution later exploited the reference." *See Adams*, 104 A.3d at 518. (Castille, J., concurring)

*Adams* testified, over objection, that he attempted to interview the defendant about the homicide, telling defendant that his name had come up in the matter, but the defendant responded that he had nothing to say. *Id*. at 513. No further reference was made to the defendant's pre-arrest silence.

The plurality in *Adams* relied on precedent, noted above, that mere reference to a defendant's silence does not necessarily impinge constitutional rights when guilt is not implied. *Id*. at 517. "While we have interpreted the constitutional right against self-incrimination generally to prohibit prosecutors from referencing a defendant's silence as substantive evidence of guilt," the plurality continues, "this Court has also concluded that the right against self-incrimination is not burdened when the reference to silence is "circumspect" and does not "create an inference of an admission of guilt." *Id*.

In the case *sub judice*, Appellant's PCRA petition alluded to trial testimony wherein the investigating detective explained that he was in the company of Appellant, his attorney, and several females in the lobby of homicide headquarters when he told everyone that he would be taking Appellant upstairs. According to the detective, Appellant and his attorney spoke to the others briefly before the detective escorted the two upstairs. When asked by the prosecutor whether he extended to them an opportunity to supply information if they so desired, the detective replied that he was

available for any information.  Petitioner's Memorandum in Support of PCRA petition, 10/19/15, at 3-4 (quoting N.T. 5/3/1983, at 4338-4340).

Though assailed by Appellant as an impermissible exploitation of his pre-arrest silence under *Molina*, the testimony in question refers to the group's silence in response to the detective's invitation to provide information and was not offered as substantive indicia of the defendant's guilt.  Indeed, Appellant's petition failed to aver that the prosecutor otherwise used the detective's testimony as evidence of guilt.  Accordingly, because we would conclude that the present case aligns with *Adams* and not *Molina*, we would discern no merit to Appellant's argument that the time-bar exception at Section 9545(b)(1)(iii) applies even if *Molina* constituted precedent announcing a newly-recognized right, as we would deem such right inapposite to the facts of Appellant's case.

Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2016

- 7 -