J-S73038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN WILLIAM LAWRENCE, | : | |
| | : | |
| Appellant | : | No.  281 MDA 2017 |

Appeal from the Judgment of Sentence April 11, 2016
in the Court of Common Pleas of Wyoming County,
Criminal Division at No(s): CP-66-CR-0000444-2013

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 23, 2018**

Benjamin William Lawrence (Appellant) appeals from the judgment of sentence of an aggregate term of 120 to 240 months of incarceration, imposed following multiple convictions by a jury for sexual assaults committed against his two minor stepdaughters.  We affirm Appellant's convictions, but vacate his sentence and remand for re-sentencing consistent with this memorandum.

On April 24, 2013, Dylan Barber reported to the Pennsylvania State Police that his ex-girlfriend, S.L. (born in 1997), and her younger sister, C.L. (born in 1999), had been raped by their stepfather, Appellant, throughout their childhoods.  Police interviewed S.L., C.L., and Appellant, and eventually arrested and charged Appellant with numerous sexual assault crimes,

_____

* Retired Senior Judge assigned to the Superior Court.

including rape, as a result of this information. Appellant's first trial on these charges resulted in a hung jury.

A second jury trial was conducted from December 14 to 23, 2015, after which the jury returned guilty verdicts on all counts. On April 11, 2016, the trial court sentenced Appellant as outlined above. The sentence included mandatory minimum sentences pursuant to 42 Pa.C.S. § 9718.

On the same day, counsel for Appellant withdrew his appearance, and the trial court permitted Appellant to proceed *in forma pauperis*. On April 13, 2016, appointed counsel for Appellant filed a motion for extension of time to file post-sentence motions due to the unavailability of trial transcripts. On April 14, 2016, the trial court ordered Appellant to file a post-sentence motion within 45 days of the filing of transcripts. Transcripts were filed on August 31, 2016, and Appellant filed a post-sentence motion on October 7, 2016. A hearing was held, and on January 23, 2017, the trial court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth numerous issues for our review. We begin with Appellant's challenge to the sufficiency of the evidence to sustain his convictions. **See** Appellant's Brief at 13-16. Specifically, Appellant argues that

> there [were] extreme variations in the alleged victim[s'] stories as to when the abuse occurred, and in fact if the abuse occurred at all…. Because of the inconsistencies in the evidence presented by the Commonwealth as well as the inherent unreliable nature of

- 2 -

the evidence, in conjunction with all the overwhelming evidence presented by the defense, it cannot be said that [Appellant] was proved guilty of the sexual abuse allegations brought against him beyond a reasonable doubt.

*Id*. at 15-16.

Before we reach the merits of this issue, we consider whether Appellant has preserved this issue for appeal.

In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Richard*, 150 A.3d 504, 518 (Pa. Super. 2016) (quoting

*Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016) (internal citations omitted)).

Instantly, Appellant's concise statement of errors complained of on appeal sets forth the following sufficiency-of-the-evidence issue: "[Appellant] contends that there was insufficient evidence to justify a conviction. Age, being an essential element of the offense, must be established beyond a reasonable doubt. The age of the alleged victims was never established, whatsoever." Concise Statement or Errors Complained of on Appeal, 3/2/2017, at ¶ 5; *see also id*. at ¶ 20 (same). However, on appeal he does not claim that the Commonwealth failed to prove the victims' ages; rather, he

contends the Commonwealth's evidence that abuse took place was inconsistent and unreliable. *See* Appellant's Brief at 11-16.

Because the sufficiency-of-the-evidence issue set forth in Appellant's concise statement is different than the one he argues on appeal, we hold that he has waived this issue. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Appellant next argues that the jury verdict was contrary to the weight of the evidence. *See* Appellant's Brief at 16-17. However, Appellant did not include this issue in his concise statement; therefore, it is waived.[1] *See* Pa.R.A.P. 1925(b)(4)(vii).

We now turn to Appellant's claims of prosecutorial misconduct. Appellant sets forth four separate allegations of prosecutorial misconduct: 1) an inappropriate reference to Appellant's exercise of his Fifth Amendment rights, *see* Appellant's Brief at 19-20; 2) an inappropriate attempt to establish an investigating officer as an expert on credibility, *see id*. at 20-21; 3) an inappropriate attempt to reference Appellant's extramarital sexual relationship with a key defense witness, *see id*. at 21-22; and 4) an inappropriate reference to Irish Spring soap, *see id*. at 22. He then suggests that "[a]ll of

---

[1] Even if Appellant had presented a weight-of-the-evidence claim in his concise statement, it would have been waived for his failure to include it in his post-sentence motion. *See* Pa.R.Crim.P. 607(A)(3) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial … in a post-sentence motion.").

the errors together cannot be said to have been harmless error" and that "the conduct of the district attorney was intentional and highly prejudicial to [Appellant]." *Id*. at 22.

Before we address these four purported instances of prosecutorial misconduct, we consider which of these errors is preserved for our review. In his concise statement, Appellant sets forth a boilerplate claim that "[t]he purposeful and inappropriate misconduct of the [Commonwealth] prejudiced the jury in such a way that [Appellant] was stricken of rights to a fair trial and impartial jury." Statement of Errors Complained of on Appeal, 3/2/2017, at ¶ 12.  In that statement, however, he also set forth specifically two of the four aforementioned instances of purported prosecutorial misconduct. *See id*. at ¶ 6 ("[Appellant] contends that the District Attorney ('DA') engaged in conduct rising to the level of reversible error when he disregarded an express and specific order from the Judge and provided statement into the record, immediately after being ordered not to do so, that Appellant exercised his 5th and 6th Amendment rights during the initial investigation into the matter in question."); *id*. at ¶ 8 ("[Appellant] contends the DA willfully disregarded a sustained objection when he utilized expressly unauthorized parlor tricks and antics including, *inter alia*, using Irish Spring Soap to identify [Appellant] by smell of the soap.").

We have observed that "[t]he court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a

concise statement is too vague, the court may find waiver." ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011). Based on the foregoing, the trial court was left "to guess at the issues raised" with respect to the other two instances of misconduct, therefore we conclude the issues regarding the extramarital affair and the officer being an expert on credibility are waived. ***Id***. at 415.

We now turn to the preserved instances of prosecutorial misconduct. Appellant contends that the Commonwealth made improper references "related to [Appellant's] exercise of his Fifth Amendment right to remain silent." Appellant's Brief at 19. Appellant goes on to argue that despite the trial court's ruling at sidebar that Appellant's silence could not be discussed, the Commonwealth blatantly disregarded the trial court's instructions. ***See*** Appellant's Brief at 19. Thus, Appellant argues the trial court erred by not granting a mistrial on this basis. ***Id***. at 20.

We provide the following background. According to the affidavit of probable cause signed by Trooper Stephen Scoble of the Pennsylvania State Police, Appellant was interviewed May 24, 2013 around 10:00 pm. During the course of that interview, Appellant asked Trooper Scoble "if he could leave." Affidavit of Probable Cause, 8/8/2013, at 2. Trooper Scoble informed Appellant "he could leave at any time he wished. [Appellant] then stood up" and left. ***Id***.

At trial, Trooper Scoble, who was now employed by the Pennsylvania State Police as a polygraph examiner, was called to testify about this interview. While discussing his qualifications, the Commonwealth asked Trooper Scoble about training he had received to become a polygraph examiner. Appellant objected, arguing that Trooper Scoble should not be permitted to discuss whether he "observed … signs of deception" while interviewing Appellant. N.T., 12/17/2015, at 231. The trial court then permitted the Commonwealth to question Trooper Scoble about his training only. In addition, the Commonwealth agreed it would not ask Trooper Scoble about the point of the interview when Appellant "requested counsel." *Id*. at 232. Trooper Scoble then testified about his interview with Appellant, and the following exchange occurred:

> [The Commonwealth:] And then what did you ask [Appellant] when he started talking about [S.L.] going to Puerto Rico with her Spanish Club? What did you ask him?
>
> [Trooper Scoble:] I asked him why he was changing the subject.
>
> [The Commonwealth:] Okay. How did he reply?
>
> [Trooper Scoble:] He asked if he could leave.

N.T., 12/17/2015, at 261.

Appellant immediately objected, and at sidebar asked the trial court to grant a mistrial because the Commonwealth "just commented on [Appellant's] right to remain silent." *Id*. After argument, the trial court overruled the

- 7 -

objection. Appellant asked for a cautionary instruction, which the trial court granted. ***Id***. at 264.

Appellant's issue on appeal implicates Appellant's pre-arrest silence, and the following case law applies.[2]

> [O]ur Supreme Court has held that "a mere reference to pre-arrest silence does not constitute reversible error where the prosecution does not exploit the defendant's silence as a tacit admission of guilt." ***Commonwealth v. Adams,*** [] 104 A.3d 511, 513 ([Pa.] 2014) (Opinion Announcing the Judgment of the Court). In doing so, the plurality in ***Adams*** stated that "[w]hile we have interpreted the constitutional right against self-incrimination generally to prohibit prosecutors from referencing a defendant's silence as substantive evidence of guilt, this Court has also concluded that the right against self-incrimination is not burdened when the reference to silence is 'circumspect' and does not 'create an inference of an admission of guilt.'" ***Id***. [at 517 (citation omitted)].

***Commonwealth v. McGriff***, 160 A.3d 863, 868–69 (Pa. Super. 2017) (some citations omitted).

In ***Adams***, a detective investigating the murder at issue in that case testified that when he located Adams to speak with him about the murder, Adams "didn't want to speak to [him] at the time." 104 A.3d at 513. Adams objected and requested a sidebar, and the trial court overruled the objection. Adams did not testify at trial and was convicted of the murder. On appeal, this Court affirmed Adams's judgment of sentence and the Supreme Court

---

[2] We note with displeasure that Appellant, the Commonwealth, and the trial court failed to cite to any case law regarding pre-arrest silence.

granted *allocatur* to review this issue. In considering these facts, our Supreme

Court held that

> the trial court acted within its discretion in concluding that the detective's testimony was not intended to imply a tacit admission of guilt by [Adams].... We caution prosecutors to tread carefully when referencing a defendant's refusal to speak to officers, limiting such reference to the description of the investigation or other relevant purpose. Nonetheless, we affirm the trial court and Superior Court's conclusions that the testimony in this case did not unconstitutionally burden [Adams's] right against self-incrimination, because the reference was contextual and brief and did not highlight [Adams's] silence as evidence of guilt. As noted, it was simply utilized to recount the sequence of the investigation[.]

*Id*. at 517-18.

We conclude that the instant case is analogous to **Adams**. Trooper

Scoble simply told the jury why the interview concluded at that juncture. We

cannot read this testimony as "referencing [Appellant's] silence as substantive

evidence of guilt." **McGriff**, 160 A.3d at 869. Appellant has not brought to

our attention any other place during the seven-day trial that this was

mentioned again. Moreover, we disagree with the characterization that the

Commonwealth violated an order of the trial court to not reference Appellant's

silence. Accordingly, we hold that the trial court did not abuse its discretion

by overruling Appellant's objection and denying Appellant's request for a

mistrial on this basis.

Appellant's next claim of prosecutorial misconduct is regarding a bar of

soap, and he argues the following in its entirety:

> After one of the victims in this case had testified that [she] associated [Appellant] with the smell of Irish Spring soap, the district attorney improperly pulled out a bar of Irish Spring soap in front of the jury and attempted to have the bar of soap marked as an exhibit. The trial court did ultimately exclude the [soap] as evidence, but not before the district attorney had shown the bar of soap to the jury and attempted to have it marked as an exhibit.

Appellant's Brief at 22.

Appellant does not explain how the use of the Irish Spring soap was prejudicial. In addition, Appellant has violated Pa.R.A.P. 2119 by failing to cite to relevant case law or the trial transcript in his argument. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (holding Simmons waived issue because "he cites no pertinent authority"); *see also* Pa.R.A.P. 2119(c) ("If reference is made to … any … matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears."). Moreover, "we have previously recognized that not every unwise remark made by an attorney amounts to misconduct or warrants the grant of a new trial." *Commonwealth v. Carson*, 913 A.2d 220, 242 (Pa. 2006). Based on the foregoing, Appellant has not convinced us he is entitled to relief.

Finally, with respect to the cumulative nature of the prosecutorial misconduct, we point out that "it is well-settled that no number of failed claims may collectively attain merit if they could not do so individually." *Commonwealth v. Culver*, 51 A.3d 866, 882 (Pa. Super. 2012) (internal

- 10 -

quotation marks omitted). Thus, because the aforementioned individual instances did not constitute prosecutorial misconduct, they cannot collectively attain that status. Accordingly, Appellant is not entitled to relief on this basis.

We turn to Appellant's contention that he is entitled to a new trial based upon after-discovered evidence.[3] Appellant's Brief at 26. We provide the following background. Holly Banta was a juror in Appellant's case. Kimberly Gallela was a character witness who testified on Appellant's behalf. Their daughters "have been friends for about three years." N.T., 12/27/2016, at 11.

At the hearing on post-sentence motions, Gallela testified that several weeks after trial, Banta told Gallela that when S.L. was called to testify, Banta realized that she recognized S.L. "from cheerleading." *Id*. at 9. Gallela testified that "[Banta] told [her] that she told the tip staff that she knew [S.L.] from cheerleading." *Id*. Gallela testified that she told Appellant's attorney about the situation. Gallela further testified that Banta told Gallela that "the tip staff asked her if she felt she could be fair and objective, and she said yes."[4] *Id*. at 11. Gallela testified that she called Appellant's attorney to

---

[3] Pennsylvania Rule of Criminal Procedure 720(C) provides that "[a] post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." This issue was included in Appellant's post-sentence motion.

[4] This conversation was consistent with a Facebook conversation from January 11, 2016 between Banta and Gallela. *See* Post-Sentence Motion for Relief, 10/7/2016, at Exhibit 1.

explain what she found out from Banta because she felt the tip staff did not act appropriately.

Banta also testified regarding this matter. Banta testified that she did not realize that she knew S.L. from cheerleading until she saw her during trial. She testified that when she realized this, she told the tip staff. She also testified that knowing S.L. "did not sway [her] decision either way." *Id*. at 29.

The trial court's tip staff, Judy Christ, also testified. She testified that Banta never approached her and indicated that she recognized a witness during the trial. *Id*. at 24. In addition, Sheriff Sherman, the sheriff assigned to the trial, testified that he did not recall Banta speaking with Christ. *Id*. at 40.

Based on the foregoing testimony, the trial court concluded that both "Ms. Christ and Sheriff Sherman have no recollection of Ms. Banta informing Ms. Christ that she knew the victim. Even if Ms. Banta did inform Ms. Christ, her testimony was consistent that her recognition of the victim did not in any way affect her decision as a juror." Trial Court Opinion, 4/27/2017, at 3.

On appeal, Appellant argues that the tip staff's ignoring of Banta's report resulted in an unfair trial. Appellant's Brief at 26. In his reply brief, Appellant goes on to argue that "there was a fundamental breakdown in the jury process, which prevented [Appellant] from seeking to exclude the juror from sitting on the jury panel any longer and/or moving for a mistrial based upon a potentially prejudiced juror having participated in the trial." Appellant's

Reply Brief at 5. Appellant further argues that it is unfair for it to be Appellant's burden to show prejudice. *Id*. at 4.

Our courts have considered previously issues surrounding improper contact between court staff and jurors.

> An extraneous influence may compromise the impartiality and integrity of the jury, raising the specter of prejudice. The relevant inquiry is whether the extraneous influence caused a reasonable likelihood of prejudice. [*See*] *Commonwealth v. Bradley*, [] 459 A.2d 733, 739 ([Pa.] 1983) (requiring showing that contact between member of the jury and court officer resulted in "a reasonable likelihood of prejudice" to defendant.). In making the "reasonable likelihood of prejudice" determination, the court must consider: (1) whether the extraneous influence relates to a central issue in the case or merely involves a collateral issue; (2) whether the extraneous influence provided the jury with information they did not have before them at trial; and (3) whether the extraneous influence was emotional or inflammatory in nature. The burden is on the party claiming prejudice.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1115 (Pa. 2012) (some internal citations and quotation marks omitted).

Based on the foregoing, it was proper for the trial court to place the burden of demonstrating prejudice on Appellant. Here, even if everything Banta and Gallela testified to was true, Appellant has not shown "a reasonable likelihood of prejudice." *Id*. Banta testified that her decision in this case was not affected by her knowing S.L. Accordingly, we hold that the trial court did not err in concluding Appellant was not entitled to a new trial on this basis.

Finally, we consider Appellant's claim that his sentence is illegal pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013).[5] Appellant's Brief at 23-26. Appellant was sentenced to mandatory-minimum sentences pursuant to 42 Pa.C.S. 9718. In **Commonwealth v. Wolfe**, 140 A.3d 651, 663 (Pa. 2016), our Supreme Court held that "[s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void." Thus, any sentence utilizing these provisions is illegal, and we vacate Appellant's sentence and remand for re-sentencing without consideration of section 9718. We affirm Appellant's convictions in all other respects.

Convictions affirmed. Sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2018

---

[5] The Commonwealth agrees that Appellant's sentence is illegal under **Alleyne**. Commonwealth's Brief at 12.